UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                             **Hon. Hugh B. Scott**

                v.                                  13CR134S

                                             **Order**

BRIAN CHRISTOPHER YOUNG,

                Defendant.

---

       This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 7).

       The instant matter before the Court is the defendant's omnibus motion (Docket No. 16) which seeks the following relief:   filing of a Bill of Particulars; identify informants; produce discovery; produce Federal Rules of Evidence 404(b), 608, and 609 materials and disclosures; produce <u>Brady</u> materials; produce Jencks Act materials; and preservation of agents' rough notes. Defendant also moved to suppress evidence and statements because there was an absence of probable cause for the search warrant issued to search defendant's alleged residence on Grand Island (Docket No. 36), arguing that he wants an evidentiary hearing as to the motion to suppress (Docket No. 36, Def. Atty. Affirm. at 10; <u>see</u> Docket No. 38).   The hearing would consider the reliability of the confidential source used to support issuance of the search warrant (Docket No. 36, Def. Atty. Affirm. at 10).

The Government has filed responding papers (Docket Nos. 19, 37) also seeking reciprocal discovery (Docket No. 19, Gov't Response at 19-20), and oral argument was heard on August 5, 2014 (Docket No. 38).

## BACKGROUND

Defendant is charged with possession of cocaine with intent to distribute on or about April 16, 2013 (Docket No. 6, Indict.), as well as a criminal forfeiture allegation of $11,144 seized on that date (id.).

On April 16, 2013, the Buffalo DEA Task Force and the Niagara Falls Police Department Narcotics Division used a confidential source to arrange the purchase of cocaine from defendant. The Government contends that this confidential source was corroborated by police officers. (Docket No. 37, Gov't Response at 2.)  The confidential source indicated that he made weekly purchases of contraband from defendant (id.).  On April 16, 2013, law enforcement agents directed the confidential source to text defendant to meet him in Niagara Falls, New York, for a purchase by the source (id.).  Members of the Task Force set up surveillance in the area of C Street, Niagara Falls, the site of the meeting (id.).  At approximately 5:50 pm, agents observed defendant park the vehicle on 19 C Street.  The confidential source entered defendant's vehicle and observed cocaine in the center console of that vehicle.  (Id.)  The confidential source exited the vehicle to get money, and reported to law enforcement that the source saw approximately nine ounces of cocaine in the center console (id. at 3).  At 6 pm, law enforcement apprehended defendant and found 322 gross grams of cocaine in the vehicle (id.).  Agents also found a cell phone which purportedly was used to text messages to arrange that meeting (Docket No. 36, Def. Atty. Affirm. at 2, Ex. A, DEA Report of Apr. 17, 2013, at ¶ 4).  Defendant's vehicle was

impounded and searched, with agents finding documents listing defendant's address to be 2153 Bedell Road, Apt. B9, Grand Island, New York ("Bedell Road premises") (Docket No. 37, Gov't Response at 3). Agents then applied to Grand Island Town Justice Mark Frantzel for a warrant to search the Bedell Road premises (id.), and obtained that warrant. Later that evening, agents executed this warrant, recovering over $11,000, a black digital scale, paperwork, defendant's state identification card, and a date book (id.); no drugs were found there (Docket No. 36, Def. Atty. Affirm. at 3).

## DISCUSSION

I.   Bill of Particulars

Defendant moves for filing of a Bill of Particulars, arguing that the Indictment lacked specificity and that one police report underlying this prosecution contained inconsistent statements (Docket No. 16, Def. Atty. Affirm. at 2-4). Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to "preview its case or expose its legal theory" United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the Indictment, the Court finds that defendant **is not entitled** to a Bill of Particulars inasmuch as the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy.

II.     Identity of Informants

Defendant seeks the pre-trial disclosure of the identity of any informants in this case (Docket No. 16, Def. Atty. Affirm. at 4-7).   The Government argues that defendant has not satisfied his burden of showing particularized need for the identity of informants (Docket No. 19, Gov't Response at 9).

The Government is not required to furnish the identities of informants unless it is essential to the defense, Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988).   Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial, United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990).   Moreover, the Government has stated that it believes that disclosure of the informant's identification would subject the informant to personal danger from retribution by the defendant (Docket No. 19, Gov't Response at 10).

Defendant has not established that the pre-trial disclosure of the identities of informants is essential to his defense.   This request is **denied**.

III.    Discovery

Defendant next seeks various items of pretrial discovery (Docket No. 16, Def. Atty. Affirm. at 7-9).   The Government states that it produced DEA-6 reports to defendant and the state search warrant (Docket No. 19, Gov't Response at 10).   Although there is no general

4

constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

*Documents and Tangible Objects*

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government. Defendant identifies several specific categories of items which he seeks to be produced, such as cell phone records, defendant's criminal record, and the search and arrest warrants (Docket No. 16, Def. Atty. Affirm. at 7-8). Defendant also seeks audio and video recordings (id. at 7, 9).

The Government's response to these specific requests is that it produced DEA-6 reports and the search warrant (Docket No. 19, Gov't Response at 10). The Government will produce other discoverable items (id. at 11). As represented, this production **is sufficient**.

*Examinations and Test Reports*

Pursuant to Rule 16(a)(1)(D), defendant has requested the production of the results of any physical or mental examinations or scientific tests, including but not limited to any such tests regarding the cocaine or firearms referenced in the Indictment and testing of a cellular telephone (Docket No. 16, Def. Atty. Affirm. at 8). The Government has responded that it produced lab reports from testing the narcotics and that scientific tests were made available to defendant (Docket No. 19, Gov't Response at 10, 11).

This Court assumes that the Government's production has satisfied the defendant's request in this regard.

*Rule 12(d)(2) Requests*

Pursuant to Rule 12(d)(2), defendant next requests that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16. Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use. The Government has not responded to this request.

This request is hereby **granted**.

*Disclosure of Expert Materials*

Pursuant to Rule 16(a)(1)(E), defendant seeks a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report.

The Government states that it will comply with defendant's expert disclosure requests (Docket No. 19, Gov't Response at 12). The Government's response here **is sufficient**.

*Character Evidence*

Defendant also seeks production of character evidence, including information about the confidential source used to obtain the search warrant (Docket No. 16, Def. Atty. Affirm. at 9). The Government offers to produce conviction records of witnesses (Docket No. 19, Gov't Response at 12). This production also **is sufficient**.

IV.    Federal Rules of Evidence 404(b), 608, and 609 Materials

Defendant requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 16, Def. Atty.

Affirm. at 10).  He also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rule 609(a).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."  The Government gave notice of its intention to use such material.  This **is sufficient** in this case.

V.     Brady Material

Defendant has requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny (Docket No. 16, Def. Atty. Affirm. at 11-13).  Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness."  United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response is that it is aware of its Brady obligations and its continuing duty to produce (Docket No. 19, Gov't Response at 15).  The Government also agrees to produce impeachment Brady material (id. at 17).

The Jencks Act relates only to "statements" made by Government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under <u>Brady</u> principles. To this extent, it has been suggested that the constitutional requirements underlying <u>Brady</u> could act to modify the Jencks Act. <u>United States v. Campagnuolo</u>, 592 F.2d 852, 860 (5th Cir. 1979); <u>but see</u> <u>United States v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988) (the Government may not be compelled to pretrial disclosure of <u>Brady</u> or Jencks material). The record in this case does not reflect whether any of the materials withheld by the Government may be considered both <u>Brady</u> and Jencks material. Certainly "impeachment <u>Brady</u>" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined <u>Brady</u>/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>United States v. Green</u>, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with

the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

VI.     Disclosure of Jencks Material

Defendant next seeks immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500 (Docket No. 16, Def. Atty. Affirm. at 14).  The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.  Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial.  In this case, the Government has agreed to disclose this information up to two weeks before the commencement of trial or as ordered by this Court (Docket No. 19, Gov't Response at 18).  The defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case.  The Government is to produce Jencks Acct material as soon as ordered by the District Court in its final pretrial Order.

VII.    Preservation of Rough Notes

Defendant seeks the Government to preserve agent and law enforcement rough notes (Docket No. 16, Def. Atty. Affirm. at 15).  The Government reports that instruction will be given to agents to preserve their notes (Docket No. 19, Gov't Response at 18).  This response **suffices**.

VIII.   Suppression of Evidence Hearing

Finally, defendant seeks an evidentiary hearing challenging the probable cause to issue the search warrant for the Bedell Road premises (Docket No. 36, Def. Atty. Affirm. at 10). Defendant argues that there was a misrepresentation made to the Town Justice in applying for the warrant, claiming that a confidential informant testified <u>in camera</u> to the judge in support of the search warrant application when no such informant was produced to that judge (<u>id.</u> at 2-3).

9

Instead, according to Justice Frentzel's handwritten notes, two law enforcement agents testified in support of the application. Defendant now argues that any references to an informant were from those agents as, as such, is unreliable hearsay (id. at 3, Ex. B). Defendant contends that the judge's notes do not indicate the credibility, reliability, basis of knowledge, or corroboration of the informant or a basis for the belief that defendant had been selling to the source for weeks prior to the warrant (id. at 3).

The Government responds that a Franks[1] hearing is not warranted here despite the errors in the search warrant application that the warrant was based upon the in camera testimony of the confidential source (Docket No. 37, Gov't Response at 12). The Government, citing the notes of the issuing judge, that the agents testified before that judge and not the confidential source, and that the application reporting otherwise was a clerical error (id. at 12-13).

Defendant also seeks a hearing whether law enforcement was required to obtain a search warrant before searching defendant's car following his arrest because the DEA Report of the incident was unclear as to the reason for defendant's arrest (Docket No. 36, Def. Atty. Affirm. at 5-6).

Before addressing whether an evidentiary hearing should be held, the standard for issuance of a search warrant is in order. The Fourth Amendment to the United States Constitution provides that no search warrant "shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized," U.S. Const. amend. IV; see also Fed. R. Cr. P. 41(d)(1); Arizona v. Evans, 514 U.S. 1, 10 (1995). The burden of establishing rights under the Fourth Amendment is upon the movant, see United States v. Pena, 961 F.2d 333, 336 (2d Cir. 1992). Probable cause is required for issuance of a search

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

warrant, e.g., United States v. Salameh, 152 F.3d 88, 112-13 (2d Cir. 1998), with probable cause determined on the totality of circumstances, see Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Wagner, 989 F.2d 69, 71-72 (2d Cir. 1993). Any doubts as to the existence of probable cause is to be found in favor of upholding the warrant, Salameh, supra, 152 F.3d at 113; see United States v. Rosa, 11 F.3d 315, 326 (2d Cir. 1993).

For there to be probable cause, there must be "a fair probability that contraband or evidence of a crime will be found in a particular place," Gates, supra, 462 U.S. at 238. This Court in reviewing the probable cause determination gives deference to the issuing judge, see id. at 236; Spinelli v. United States, 393 U.S. 410, 419 (1969), because this Court cannot conduct de novo review and as the reviewing Court it is to not "'interpret[] affidavit[s] in a hypertechnical, rather than a commonsense, manner,'" Gates, supra, 462 U.S. at 236 (quoting United States v. Ventresca, 380 U.S. 89, 109 (1965)). The duty of this Court as the reviewing Court under Gates "is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed," id. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)). Thus, this Court must give "considerable deference to the probable cause determination of the issuing magistrate," Walcyk v. Rio, 496 F.3d 139, 157 (2d Cir. 2007).

Here, agents conduced a controlled purchase with a confidential informant, arrested defendant and learned of his home address upon a search of his vehicle incident to the arrest. The agents then applied for a search warrant for defendant's home based upon that controlled purchase. Defendant at oral argument conceded that a Franks hearing was not warranted. Defendant raises issues surrounding the application for the warrant, but upon the four corners of the warrant and warrant application and the circumstances surrounding its issuance, there is not enough from the

defendant to warrant a hearing.   As a result, a Report & Recommendation will be entered regarding the merits of defendant's motion to suppress.

IX.     Government's Request for Reciprocal Discovery

The Government cross-moves for reciprocal discovery from defendant (Docket No. 19, Gov't Response at 19-20), without any apparent objection by the defendant.   Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief.   Defendant is reminded of his obligations under Rule 16 to produce pursuant to the Government's notice for discovery; therefore, the Government's motion (Docket No. 19, Gov't Response at 19-20) is **granted**.

## CONCLUSION

For the reasons stated above, defendant's omnibus motion (Docket No. 16) is **granted in part, denied in part**, as stated in detail above.   A hearing for defendant's motion to suppress regarding materials seized from the Bedell Road premises pursuant to a search warrant is **denied**.

The Government's reciprocal motion to compel discovery (Docket No. 19, Gov't Response at 19-20) is **granted**.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated:   Buffalo, New York
          August 29, 2014