IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

FILED

DEC 27 2017

MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

United States of America,

                Plaintiff(s),

v

Brian C. Young,

                Petitioner.

Criminal Case No.: 13-CR-00134-WMS
MOTION FOR RECOMMENDATION FOR
RESIDENTIAL RE-ENTRY CENTER -
(RRC)
PURSUANT TO Title 18 U.S.C. §3624c
Honorable William M. Skretny

NOW COMES, Brian C. Young, (Hereinafter, "Petitioner") in the above caption action, respectfully move this Honorable Court to grant this motion in its entirety.

On June 17, 2015, Petitioner was sentenced to a term of 120 months imprisonment, followed by a term of supervision for a violation of Title 21 United States Code, §841(a)(1) and (b)(1)(C). This Honorable Court sentenced Petitioner in the above captioned case. Therefore, this honorable Court has jurisdiction over this matter pursuant to Title 18 United States Code, §3621(b)(4)(B) and (5).

Petitioner represents that he is "determined enough to be reformed and rejoin a law-abiding society with all the available help from a prolonged placement in a federal halfway house aka Residential Re-Entry Center." As of this filing of the instant motion, Petitioner was enrolled in or has completed the following programs:

1) Aerobics I & II;
2) Body Shred Wellness Class I & II;
3) Continuity Care/Disease;
4) Education Care 2&3 Benefit Exercise;
5) FDIC MoneySmart;
6) Financial Peace University;
7) High Intensity Cardio Class;
8) Introduction to HVAC;
9) Job Fair Interview;

1

10) Job Skills;

11) Jump Rope;

12) Medicine Ball;

13) Non-Residential Drug Program;

14) Power Circuits;

15) Release Methods, Prop. Supervision; and

16) 15 Hour Drug Program.


Petitioner is currently in the Residential Drug Abuse Program ("RDAP"); which he currently holds several leadership positions.  Petitioner is enrolled in other programs for the preparation of his release and rehabilitation.  Further, Petitioner expresses remorse for his offense, and Petitioner has remain incident report free


Petitioner understands that this Honorable Court does not have the authority to ORDER the relief that Petitioner seeks.  However, Petitioner understands that this Honorable Court has full authority under Title 18 United States Code, §3621(b)(4)(B) to recommend that Petitioner serve part of his imprisonment in a community correctional facility.  SEE: United States v Brown, 2017 U.S. Dist. LEXIS 107617 (6th Cir. July 12, 2017)(BOP granting maximum RRC based on a judicial recommendation) as explained by the United States Supreme Court, "A sentencing Court can recommend that the BOP place an offender in a particular facility or program." SEE United States v Burden, 860 F.3d 45 (2d. Circuit 2017); see also United States v Williams, 654 F.3d 126 6th Cir. 2016)(citing Tapia v United States, 564 U.S. 319, 331, 131 S. Ct. 2382, 2390-91, 180 L. Ed. 2d 357 (2011)(citing 18 U.S.C. §§3621(b),(e) and (f) 3624(f); and 28 C.F.R. pt. 544 (2010); see also Beckley v Miner, 125 Fed. Appx. 385, 389 (3rd Cir. 2005).


Petitioner's motion points to a number of legal authorities that dictate how the Bureau of Prisons ("BOP") must carry out this responsibility.  For instance, Petitioner emphasizes that the BOP must consider the five factors

2

enumerated in Title 18 U.S.C. §3621(b) before making a determination about

a prisoner's place of imprisonment.  Petitioner moreover points out that this

statute requires the BOP to engage in "individual determinations" concerning

a prisoner's placement.  SEE: Muniz v sabol, 517 F.3d 29, 36 (1st Cir. 2008).

Yet while it is true that these legal authorities bind the BOP, it is to say

that the Sentencing Court can offer any opinion as to where a prisoner should

be placed.  As the text of 18 U.S.C. §3621 makes evident, the BOP must consi-

der "any statement by the Court that imposed the sentence" that "recommends a

type of penal or correctional facility as appropriate."

Accordingly and to the extent that the BOP must take into consideration

any ercommendation made by the Sentencing Court both in "designating the place

of imprisonment or making transfers," 18 U.S.C. §3621(b).  Pursuant to Title

18 U.S.C. §3621(b)(4) this Honorable Court has jurisdiction to recommend (1)

Petitioner spend the maximum time allowed by Title 18 U.S.C §3624(c)(2); and

(2) spend the remaining months/days in a halfway house or other community

corrections facility, not necessarily in that order.  SEE: United States v

Qadri, 2017 U.S. Dist. LEXIS 38716, 2017 WL 1011663, at *1-2 (D. Haw. March

15, 2017).

LEGAL STANDARD

The Bureau of Prisons has the discretion to place an inmate into

"any available penal or correctional facility."  SEE: Title 18 United States

Code, §3621(b).  Title 18 Section 3624(c) of the United States Code discusses

the placement of a prisoner during the final portion of their sentence:

> The Director of the Bureau of Prisons shall, to the extent practicable,
> ensure that a prisoner serving a term of imprisonment spends a portion
> of the final months of that term (not to exceed 12 months), under con-
> ditions that will afford that prisoner a reasonable opportunity to
> adjust to and prepare for re-entry of the prisoner into the community.
> Such conditions may include a community correctional facility also
> known as Residential Re-Entry Center (RRC) and halfway house.
> SEE: Title 18 U.S.C. §3624(c)(1).

This Honorable Court can make a recommendation that an incarcerated person serve part of their imprisonment in community corrections facilities or home confinement.  SEE: Title 18 U.S.C. §3621(b)(5).

Petitioner has provided significant information about his activities since sentencing and the extent of his efforts and progress toward rehabilitation while in prison.  Petitioner further notes his compliance with the terms of his postrelease, i.e., IFRP.  He has made efforts to be a good candidate for successful rehabilitation.  SEE: united States v Brattin, No. 13-CR-0161-JAD-CWH-1, 2016 U.S. Dist. LEXIS 112222, 2016 WL 4467897, at *1 (D. Nev. August 23, 2016)(granting motion where prisoner was an orderly with a gate pass, a low security risk permitted to leave the facility to conduct his duties, good disciplinary record, and would spend at least 4.5 months in an RRC based on recommendation to BOP); United States v Bartels, No. 12-CR-20072 2016 U.S. Dist. LEXIS 164056, 2016 WL 6956796, at *1 (E.D. Mich. Nov. 29, 2016)(finding petitioner was a good prospect for successful rehabilitation because he was relatively young and participated in five Bureau of Prisons rehabilitation programs); United States v Baker, No. 3:01-CR-94-01-MHT, 2013 U.S. Dist. LEXIS 11418, 2013 WL 355867, at *1-2 (M.D. Al. Jan. 29, 2013) (citing substantial evidence of prisoner's stellar prison record and recommendations from two Bureau of Prison supervisors); United States v Qadri No. 06-CR-00469-LEK, 2017 U.S. Dist. LEXIS 38716, 2017 WL 1011663, at *1-2 D. Haw. March 15, 2017)(citing prisoner's good conduct and compliance with release conditions during six years of pre-trial release and two years of appeal release, lack of criminal history and completion of multiple rehabilitation programs); United States v Smalls, No. 11-CR-00122-ML (1st Cir. 2011)(granting petitioner's judical recommendation due to full participation in the Residentail Drug Abuse Program after being precluded from the benefit of 18 U.S.C. §3621(e) (the year off)).

4

CONCLUSION

Therefore, Petitioner contends that he is in need of gainful employment upon release. Additionally, Petitioner will need adequate time to find a residence. These things being major factors of why Congress' intention of expanding the timeframe from six (6) months to twelve (12) months were placed; Petitioner is in need of the benefits that the Second Chance Act offers. Further, Petitioner respectfully moves this Honorable Court to grant Petitioner's motion for Recommednation for Residential Re-Entry to the timeframe that this Honorable Court deems appropriate; or any other relief that this Honorable Court deems appropriate in considering the responsibilities that Petitioner has upon his release and as a model inmate, pillar and leader of the Residential Drug Abuse Program (RDAP).

DATED: December 15, 2017

Brian Christopher Young, Movant
Sworn to as true and correct
under the penalties of perjury
pursuant to 28 U.S.C. §1746.

5

INMATE NAME/NUMBER: Brian Tang 22121-055      HARRISBURG PA 171

FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD  LSCI

P.O. BOX  1000                                21 DEC 2017 PM 6 L

WHITE DEER, PA 17887

DEC 27 2017
BUFFALO

⇔22421-055⇔
Clerk Of Court
2 Niagara SQ
room 200
Buffalo, NY 14202
United States

142028350