IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                  13-CR-134-WMS

BRIAN CHRISTOPHER YOUNG,

                Defendant.

---

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
## FOR EARLY TERMINATION OF SUPERVISED RELEASE

THE UNITED STATES OF AMERICA, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Nicholas T. Cooper, Assistant United States Attorney, of counsel, hereby files its response to the defendant's motion to terminate his term of supervised release (Dkt 68). As set out below, considering the seriousness of the defendant's conviction, the defendant's motion should be denied.

On February 9, 2015, the defendant, BRIAN CHRISTOPHER YOUNG, pleaded guilty to Count 1 of the Indictment, which charged him with possession of cocaine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1). The defendant's conviction stemmed from the defendant's possession with intent to distribute 252 grams of cocaine.

On June 17, 2015, the defendant was sentenced to 120 months incarceration and a 3 year term of Supervised Release. (Dkt. 60). The Court found that the defendant was a Career

Offender and that his Criminal History Category was VI. (Dkt. 64 at 6). The Court noted that the defendant's prior criminal convictions included a conviction for Attempted Manslaughter for "impaling [a] victim through his back" with a table-leg. After that, the defendant obtained another criminal conviction, where, after initially being charged with murder for beating a victim to death (acting in concert with others), the defendant was convicted of Assault in the Second Degree. After serving seven years in prison for the Assault 2 conviction, the defendant obtained two additional convictions, related to drug trafficking, while he was still on parole. (Dkt. 64 at 6-8). The Court stated that the defendant's criminal history amounted to "an extremely serious criminal history". (Dkt. 64 at 8). The Court noted the defendant's propensity for continuing to reoffend while on parole, stating "each time. . . you were convicted of a serious crime and sentenced to time in prison, you did come out and you reoffended, and I'm taking that into consideration." (Dkt. 64 at 8). The Court sentenced the defendant to 120 months, below the guideline range of 151-188 months, with a three-year period of supervised release to follow. (Dkt. 64 at 21-23).

The defendant now seeks to terminate his supervised release because he feels it is no longer necessary. (Dkt. 68 at 3-4). The defendant has approximately 16 more months to serve on supervised release.

A Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Title 18, United States Code, 3583(e)(1); *see United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

When considering whether to discharge a defendant from supervised release early, the Court must consider the majority[1] of the initial sentencing factors set forth in Title 18, United States Code, 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— [including to afford adequate deterrence, protect the public from future crimes and to provide the defendant with rehabilitative programs]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; (5)any pertinent policy statement [issued by the Sentencing Commission]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Title 18, United States Code, Section 3553(a).

Early termination "is not warranted as a matter of course." *United State v. Fenza*, No. 01 CR 03-0921 (ADS), 2013 U.S. Dist. LEXIS 109012, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). To the contrary, early termination is only **"occasionally"** justified. *Lussier*, 104 F.3d at 36 (emphasis supplied). Simply complying with the conditions of supervised release, which is what the law requires, is not sufficient to justify early termination. *See United States v. Medina*, 17 F. Supp.2d 245, 247 (S.D.N.Y. 1998) ("Unblemished" conduct while under supervision cannot alone be classified as "exceptional" and "cannot be sufficient reason to terminate [supervision] since, if it were, the exception would swallow the rule."); *see also Fenza*, at *2 (E.D.N.Y. Aug. 2, 2013) ("[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release," and such

---

[1] Title 18, United States Code, Section 3583(e), specifically omits Title 18, United States Code, 3553(a)(2)(A) (promoting the law and providing just punishment prong).

compliance "does not warrant early termination."). Early discharge may be appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. *See Lussier*, 104 F.3d at 36. Nevertheless, "new or changed circumstances" are not required in order to modify conditions of release, but "changed circumstances may in some circumstances justify a modification[,]" when factoring in the relevant Title 18, United States Code, 3553(a) factors. *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).

Here, while the defendant's conduct on supervised release appears to be productive, and focused towards bettering himself, this is what is expected of him. This is commendable, but does not justify early termination of supervised release. *See United States v. Finkelshtein*, 339 F. Supp.3d 135, 136 (W.D.N.Y. 2018 (Wolford, J.) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation."). In addition, the defendant's underlying criminal conviction, and his prior criminal history, was serious and requires a significant period of supervised release, in order to afford adequate deterrence and protect the public from further crimes committed by the defendant.

Considering the circumstances of the defendant's offense and there are not exceptional circumstances warranting the requested relief, early termination of the defendant's supervised release is not appropriate. *See Finkelshtein*, 339 F. Supp.3d at 137 (denying the defendant's request for early termination of probation where the defendant had satisfied all of his payment obligations, had not violated any conditions of his probation, and had hired a qualified Chief Financial Operator for his company). For all of these reasons, the Court should deny the defendant's motion.

DATED: Buffalo, New York, August 15, 2022.

TRINI E. ROSS
United States Attorney

BY:   s/NICHOLAS T. COOPER
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202
716/843-5830
Nicholas.Cooper@usdoj.gov